IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILBERT EUGENE PROFFITT,**

      Petitioner,

v.

                                             **Criminal Action No. 5:18cv102**
                                             **(Judge Stamp)**

**WARDEN ENTZEL,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On June 14, 2018, the *pro se* petitioner, Wilbert Eugene Proffitt, filed this habeas action pursuant to 28 U.S.C. § 2241. The petitioner is a federal inmate housed at FCI Hazelton and has satisfied the filing fee.

The matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## II. **FACTS**[1]

On June 11, 1971, the petitioner was sentenced in the Eastern District of Virginia to 25 years of imprisonment for bank robbery (Case Nos. 21-71-A and 22-71-A in EDVA). On May 14, 1974, he was sentenced in the Middle District of Pennsylvania to four years of incarceration for attempted escape from a federal prison (Case No. 022373-15 in MDPA). This sentence was ordered to run consecutively with any sentence he was serving on that date. The petitioner was subsequently released from the federal sentences.

On June 22, 1974, the petitioner's federal parole was revoked, and a parole violator term of 29 years, 6 months and 14 days was imposed in the Middle District of Pennsylvania. On March 22, 1984, he was paroled from this violator term.

On September 10, 1987, the petitioner's federal parole was revoked by the United States District Court for the Middle District of Pennsylvania, and a parole violator term of 4,974 days was imposed. On November 26, 1991, he was paroled to be on parole supervision until May 12, 2001, the original full-term expiration of his sentence.

On March 29, 1995, the petitioner's probation officer requested that the Parole Commission issue a parole violator warrant, and the Commission issued the warrant on April 18, 1995. The petitioner was not arrested on the warrant until October 29, 2007. The petitioner then filed a habeas petition in the Eastern District of Virginia. Apparently, on

---

[1]The information in this section is taken from two sources. First is the Government's Response to Defendant's Motion Filed Pursuant to 28 U.S.C. § 2241 filed in the Eastern District of Pennsylvania. ECF No. 8, Case Number 2:18-cv-705-JD. The second is the U.S. Parole Commission's Response to Petitioner's Motion for Bond and Emergency Injunctive Relief filed in the Eastern District of Virginia. ECF No. 10, Case Number 3:07-cv-714-HEH-RCV. Both are available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

December 7, 2007, despite the pendency of charges of parole violation, including the charge that he had been an absconder from parole supervision for over 12 years and may have committed a federal law violation by illegally possessing a shotgun at the time of his arrest on the parole violator warrant, the petitioner was released on a personal recognizance bond in the Alexandria Division of the Eastern District of Virginia.

On November 8, 2017, the petitioner's federal parole was revoked, and a 2,223-day parole violator term was imposed. On December 18, 2017, the petitioner was held at the Federal Detention Center in Philadelphia, Pennsylvania, as a holdover inmate, pending his designation to a federal penal facility for sentenced inmates. On June 4, 2018, he was designated to FCI Hazelton. His next parole hearing is tentatively scheduled for May of 2020. His projected satisfaction date is November 28, 2021.

### III. ANALYSIS

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See Haines v. Kerner, 404 U.S. 519, 520 (1972).  "Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader.  If it fails to do so, a motion under Rule 12(b)(6) will be granted.'"  2 Moore's Federal Practice § 12.34[1][b], at 12-60 (3d ed)."  Minone v. McGrath, 435 F.Supp. 2d 266 (S.D.N.Y. 2006).

The petitioner indicates that the petition concerns "death squads within the Federal Bureau of Prisons." ECF No. 1 at 1. He alleges that the BOP has consistently attempted different methods to destroy him since 1973, and continues to do so. In support of this allegation, the petitioner maintains that he was removed from the penitentiary at Lewisburg

in August of 1973, after "Dr. Mazur stated 'they will kill you here.'" Id. at 5. The petitioner further alleges that he is incarcerated because of Miskell v. United States[2], filed in Richmond. He then indicates that after he was arrested on Halloween of 2017, and taken to Elkins, West Virginia, he was sent to Ohio where a murder plot was discovered so he was sent to Philadelphia and placed in a mental health ward where "an actual attempt involving BOP personnel is involved." Id. at 6. The petitioner continues by noting that there is an attempt in the government to destroy the constitution's authority and replace it with "Black Gestapo". He indicates that the basis is one of religion and politics with communist takeover from within, and persons with knowledge are targeted with some success. He further maintains that this already in practice in five states and eight American cities, Philadelphia being one of them, flying "Black Gestapo" colors and using all levels of authority to pursue their objectives. He also alleges that persons are set up, deaths classified, charges fabricated that can be discovered through a method described as "puppet master" being placed in action. Id. at 6-7. For relief, the petitioner writes: "[i]n 1979 a hearing was held on the above after Proffitt went to the Atlanta Constitution (newspaper) and he was placed in Lompoc Penitentiary in California. Records in Richmond were removed–then, senator did a partial congressional investigation– four volumes–but concerted efforts were then and now being used by Federal insurgents." Id. at 8.

In summary, the petitioner rambles incoherently and does not assert factual allegations which would give rise to a valid basis for relief which this Court has the authority to grant.

---

[2]The petitioner provides no citation or case number, and the undersigned has been unable to locate such a case.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition [ECF No. 1] be **DENIED AS UNINTELLIGIBLE** and dismissed from the docket. The undersigned further recommends that the petitioner's pending motions for an evidentiary hearing [ECF Nos. 5, 12] and his Motion Requesting Duplication of an Order[3] [ECF No. 11] be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is further directed to mail a copy of this Report and Recommendation to

---

[3]The order the petitioner requests be "duplicated" is an order to show cause entered in the United States District Court for the Northern District of Ohio in Civil Action No. 4:17-cv-02626-JGC.  It appears that in that § 2241 petition, the petitioner was challenging his 1971 convictions for bank robbery in the Eastern District of Virginia. It further appears that the Fourth Circuit, on appeal from his §2255 motion, remanded the case for examination of the petitioner to determine whether there was a substantial question of criminal responsibility, in which event he would be entitled to a new trial.  It seems the petitioner was alleging that this never happened. However, even if he were attempting to raise this claim herein, he could not meet the savings clause of § 2255 so as to allow him to contest the validity of his conviction in a §2241.

the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: January 30, 2019.

*s/ James P Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE