IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILBERT EUGENE PROFFITT,

      Petitioner,

v.                                    Civil Action No. 5:18CV102
                                                     (STAMP)

WARDEN ENTZEL,

      Respondent.

### MEMORANDUM OPINION AND ORDER
### AFFIRMING AND ADOPTING REPORT AND
### RECOMMENDATION OF MAGISTRATE JUDGE

### I.  Procedural History

The pro se[1] petitioner, Wilbert Eugene Proffitt ("Proffitt"), filed a petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). ECF No. 1. The action was referred to United States Magistrate Judge James P. Mazzone for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

The magistrate judge filed a report and recommendation recommending that the petitioner's petition (ECF No. 1) be denied as unintelligible and dismissed from the docket, and that the petitioner's motions for an evidentiary hearing (ECF Nos. 5 and 12) and his motion requesting duplication of an order (ECF No. 11) be dismissed as moot. ECF No. 15 at 5. The magistrate judge informed

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Id.

The petitioner filed a motion to vacate. ECF No. 17. That motion does not seem to deal with this petition (ECF No. 1).

## II. Facts

The pro se petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 1. In the petition, the petitioner contends that the Federal Bureau of Prisons ("BOP") "has consistently from 1973 attempted different methods to destroy Proffitt, and does so today." Id. at 5. The petitioner also states that he "was removed from Lewisburg penitentiary after Dr. Mazur stated 'they will kill you here' in August 1973[,]" and that he is "incarcerated because of Miskell v. United States — filed in Richmond." Id. The petitioner states that "Proffitt v. LaRose, 4:17CV2626 states the nature of this matter[.]" Id. at 6. For support, the petitioner states that he was "arrested on Halloween of 2017 and taken to Elkins, W. Va., sent to Ohio when a murder plot was discovered, sent to Philadelphia and placed on a mental health ward where an actual attempt involving BOP personnel is involved." Id. Moreover, the petitioner contends that "the seed of this lies in an attempt in this government to destroy the Constitution's authority[.]" Id. For support, the petitioner asserts that "[t]he basis is one of religion and political with

communist takeover from within — persons with knowledge are targeted (with some success) one homicide in Maryland probable." Id. Lastly, the petitioner states that "already in practice in five states and eight American cities, Philadelphia being one of them . . . persons are set-up, deaths classified, charges fabricated and can be discovered through a method hereto described as 'puppet-master' being placed into action." Id. at 7. In the section of his petition that provides space for him to state the relief he seeks, petitioner states, "[i]n 1979 a hearing was held on the above after Proffitt went to the Atlanta Constitution (newspaper) and he was placed in [a] penitentiary in California, records in Richmond were removed — then Senator did a partial [ ] investigation — four volumes — but concerted efforts was then and now is being used by federal insurgents." Id. at 8.

The petitioner then filed a motion for an evidentiary hearing. ECF No. 5. Petitioner then filed a motion requesting duplication of an order (ECF No. 11) and another motion for an evidentiary hearing (ECF No. 12).

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

III.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation

3

to which objection is timely made. Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## IV. Discussion

In his report and recommendation, the magistrate judge found that the petitioner's petition is incoherent and "does not assert factual allegations which would give rise to a valid basis for relief which this Court has the authority to grant." Id. at 4.

This Court finds no error in the determinations of the magistrate judge and thus upholds his recommendation. Moreover, because the motion to vacate (ECF No. 17) does not seem to deal with this petition (ECF No. 1), this Court does not construe this motion as an objection to the magistrate judge's report and recommendation (ECF No. 15). Therefore, this Court denies the petitioner's motion to vacate (ECF No. 17).

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 15) is hereby AFFIRMED and ADOPTED in its entirety. Specifically, the petitioner's motions for an evidentiary hearing

(ECF Nos. 5 and 12) are DENIED, the petitioner's motion requesting duplication of an order (ECF No. 11) is DENIED, and the petitioner's motion to vacate (ECF No. 17) is DENIED.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 20, 2019


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE